RECEIVED
IN LAKE CHARLES, LA

OCT 20 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EARNEST CONROD, JR. | : | DOCKET NO. 2:06 CV 1005 |
| VS. | : | JUDGE MINALDI |
| WARDEN J.P. YOUNG | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court are petitioner's objections to the magistrate judge's Report and Recommendation("R/R") [doc. 7].

## FACTS

On June 14, 2006, petitioner, Earnest Conrod, Jr., filed a Petition for a Writ of Mandamus seeking to compel the defendant, Warden J.P. Young, to preserve certain video and audio recordings.[1] Petitioner, an inmate in the Federal Correctional Institute at Oakdale, Louisiana, alleges that he has been the subject of abuse and retaliation by employees of the Bureau of Prisons (BOP).[2] Petitioner is currently pursuing administrative remedies for the alleged acts and states that he anticipates filing a civil rights action upon the exhaustion of his administrative remedies.[3]

Petitioner believes that the BOP is in possession of radio transmissions and video

---

[1] *See* Petition [doc. 1].

[2] *Id.* at 1-2.

[3] *Id.*

1

surveillance that support his claims. However, petitioner fears that the recordings will be destroyed and therefore seeks a writ of mandamus to compel the warden to preserve them.[4] The petition for a writ of mandamus was referred to the magistrate, who issued an R/R recommending denial of the writ application.[5] Petitioner filed objections to the R/R.

## ANALYSIS

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."[6] "[T]he district court makes 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'."[7]

In the R/R, the magistrate correctly notes that a writ of mandamus is only available to a petitioner if he has exhausted all other avenues of relief. As such, the magistrate construed Conrod's petition as a motion for a temporary restraining order (TRO) and preliminary injunction. The magistrate, however, found that petitioner did not satisfy the prerequisites for the issuance of an injunction. In his objections, the petitioner urges that he indeed satisfies the prerequisites and an injunction should issue.

While the magistrate is correct that a writ of mandamus is not available until the plaintiff has

---

[4] *Id.* at 2.

[5] *See* Magistrate Judge's Report and Recommendation [doc. 6].

[6] 28 U.S.C. § 636 (2006).

[7] *U.S. v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406 (1980) (emphasis omitted)).

2

exhausted all other avenues of relief, it does not necessarily follow that the court construe the petition as one for a TRO and preliminary injunction. The court is empowered to fashion appropriate, equitable relief.[8] In fact "courts have held that they have the inherent power to order that evidence be preserved and have, for good cause, required that specific procedures be adopted to ensure such preservation."[9]

Nevertheless, the court agrees that denial of the petitioner's motion is the proper conclusion. The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies before bringing an action under § 1983 or any other federal law.[10] Petitioner offers no evidence that administrative remedies have been exhausted. In fact, petitioner states, "Plaintiff is currently pursuing his Administrative Remedies...."[11] Accordingly, petitioner's retaliation claim is not properly before the court and the issuance of an order to preserve evidence would be premature.

Even if an action against prison officials were properly before the court, a number of courts consider the issuance of a preservation order to be extraneous.[12] The reason for this position is quite

---

[8] FED.R.CIV.P 2 (noting the merger of law and equity); *see also Pueblo of Laguna v. U.S.*, 60 Fed.Cl. 133, 135 (Fed.Cl. 2004).

[9] *Pueblo of Laguna*, 60 Fed.Cl. at 135 (citations omitted).

[10] 42 U.S.C.¶ 1997e(a).

[11] Petition 1.

[12] *See U.S. ex rel. Smith v. The Boeing Co.* 2005 WL 2105972, *2 (D.Kan. 2005) ("The Federal Rules of Evidence require the parties to take steps to preserve relevant evidence, including electronic and physical evidence. Thus, a specific order from the court directing one or both parties to preserve evidence is not ordinarily required."); *Humble Oil & Refining Co. v. Sun Oil Co.*, 175 F.2d 670, 671 (5th Cir. 1949) ("What appellee is attempting to do here is, without any necessity or reason for it, to employ a substitute procedure for that provided in the rules."); *Humble Oil & Refining Co. v. Harang*, 262 F.Supp. 39, 43 (E.D. La.1966) ("Were the fact that a party to a law suit would suffer irreparable injury if a document were destroyed the sole test for

simply that the court has many other avenues by which to prevent the destruction of evidence.[13] First and foremost is the court's inherent power to control the discovery process and manage the case.[14] In addition, Rule 37 authorizes the court to impose sanctions for abuses of discovery.[15]

In the event that petitioner files a civil action, any evidence allegedly destroyed will entitle him to the presumption contra spoliatorem. "A district court has discretion to admit evidence of spoliation and to instruct the jury on adverse inferences."[16] Additionally, petitioner would be able to pursue an action in tort for the spoliation of evidence under Louisiana law.[17]

Accordingly, Earnest Conrod, Jr.'s petition for a writ of mandamus is denied.

Lake Charles, Louisiana, this 18 day of October 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

the issuance of an injunction to prevent its destruction, injunctions should issue in every case in which important documents are within the control of either party.")

[13] *See* cases cited *supra* note 12.

[14] *See, e.g., Pueblo of Laguna*, 60 Fed.Cl. at 135.

[15] FED.R.CIV.P. 37.

[16] *U.S. v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000).

[17] The theory of spoliation of evidence refers to an intentional destruction of the evidence for the purpose of depriving the opposing parties of its use. *Jackson v. Home Depot, Inc.*, 906 So.2d 721, 728 (La.App. 1 Cir. 2005) (citation omitted).